UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 23-278-KK-SPx** | Date: | December 30, 2024 |
| Title: | *John Horlieca, et al. v. United Services Automobile Association, et al.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order to Show Cause Why Action Should Not be Dismissed for Lack of Subject Matter Jurisdiction

## I.
## INTRODUCTION

On February 20, 2023, plaintiff John Horlieca and Darryl Warner ("Plaintiffs") filed a putative class action Complaint against defendant United Services Automobile Association and USAA Casualty Insurance Company ("Defendants") asserting breach of contract and related claims arising from Defendants' alleged practice of "systematically, wrongfully, and arbitrarily" denying first-party medical payments ("MedPay") coverage benefits. ECF Docket No. ("Dkt.") 1.

Plaintiffs assert the Court has subject matter jurisdiction under the Class Action Fairness Act because "there is diversity of citizenship between at least one plaintiff class member and one defendant; the proposed Classes each exceed one hundred members; and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs." Id. ¶ 20. Specifically, Plaintiffs allege they are citizens of California; defendant USAA-Association ("USAA-A") is "a reciprocal interinsurance exchange licensed to do business in the State of California"; and Defendant USAA Casualty Insurance Company ("USAA-CIC") is a corporation organized under the laws of Texas with a principal place of business in Texas. Id. ¶ 10-13.

Plaintiffs further allege "[t]he Class is estimated to include thousands of USAA California insureds." Id. ¶ 87. "Specifically, during the class period, more than 1,000 California insureds submitted reasonable and necessary medical expense bills for payment under a USAA MedPay policy and had their payments improperly denied or reduced based on Reasonable Fee, Physician

Review (PR), DOC, PPO, RF, and GR reason codes." Id. Additionally, Plaintiffs allege "the matter in controversy exceeds the sum of $5,000,000.00 exclusive of interest and costs." Id. ¶ 21.

## II.
## BACKGROUND

### A.    PROCEDURAL HISTORY

On February 20, 2023, Plaintiffs initiated the instant action by filing a Class Action Complaint. Dkt. 1.

On June 28, 2023, the Court set a Scheduling Conference for August 28, 2023. Dkt. 45.

On September 14, 2023, the Court issued a Civil Trial Scheduling Order setting a deadline to file a motion to amend pleadings or add new parties of December 4, 2023, a discovery cut-off of March 31, 2025, and a motion hearing cut-off of June 9, 2025. Dkt. 50. The Court set the Final Pretrial Conference for July 21, 2025, and Trial for August 5, 2025. Id.

On November 20, 2023, this matter was reassigned to this Court. Dkt. 60. On November 22, 2023, the Court issued its Reassignment Order directing the parties to familiarize themselves with all applicable Standing Orders. Id. at 1.

On December 1, 2023, Plaintiffs filed a Motion seeking (1) leave to amend the Complaint to "correct[] several typographical errors and add[] 'RF Codes' to the class definition, in order to make that definition consistent with the allegations and claims made throughout the Complaint"; and (2) an approximately six-month continuance of the December 4, 2023 deadline for stipulating or moving to amend the pleadings or add new parties. Dkt. 64. On January 10, 2024, the Court denied Plaintiffs' request to extend the deadline to amend pleadings to join additional parties for lack of good cause, but granted Plaintiffs' request to file an amended class action complaint, which corrected typographical errors and added RF codes to the class definition. Dkt. 72.

On January 11, 2024, Plaintiffs filed the instant First Amended Complaint ("FAC") against Defendants raising the following causes of action:

1. **Cause of Action One:** Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing;
2. **Cause of Action Two:** Violation of the Unfair Competition Law ("UCL"), California Business and Professions Code § 17200 against Defendants; and
3. **Cause of Action Three:** Declaratory Relief.

Dkt. 73, FAC at 25-29.

The FAC alleges Defendants engage in a scheme "involving the improper processing and adjustment of MedPay claims and the improper reduction or denial of MedPay benefits" using third-party Auto Insurance Solutions' Medical Bill Audit ("MBA") process. Id. ¶ 3. Specifically, Defendants improperly reduce and/or deny MedPay payments through the following five adjusting practices: (1) using PPO codes based on non-existent agreements with PPOs; (2) using DOC codes based on requests for irrelevant additional documents; (3) using PR codes on the basis that medical

expenses are not medically reasonable or necessary or related to the accident; (4) using GR codes on the basis that medical expenses are not casually related to the accident; and (5) using RF codes that rely on unsupported and arbitrary bill thresholds.  Id. ¶¶ 44-64.

On January 15, 2024, Plaintiffs filed a Motion for Leave to Amend the Scheduling Order and to File a Second Amended Class Action Complaint.  Dkt. 74.  Plaintiffs sought to add Denise Stott as a potential Plaintiff, asserting Plaintiffs did not discover Ms. Stott "until after their motion for leave to amend was filed and after the deadline to add parties had passed."  Id. at 4.

On February 5, 2024, the Court denied Plaintiffs' January 15, 2024 Motion for Leave to Amend finding "Plaintiffs fail to demonstrate due diligence or good cause."  Dkt. 86.  The Court additionally noted Plaintiffs' "Motion appears to be a transparent attempt to circumvent this Court's prior ruling denying Plaintiffs' request to extend the deadline to file a motion to amend the pleadings or add additional parties, dkt. 72."  The Court further warned Plaintiffs that "the Court will impose sanctions for any similar future filings."  Id.

On February 19, 2024, Defendant filed an Answer to the First Amended Complaint.  Dkt. 88.

On August 20, 2024, Defendants filed a Motion for Summary Judgment.  Dkt. 102.  In support of the Motion for Summary Judgment, Defendants filed a Statement of Uncontroverted Facts ("DSUF"), dkt. 102-1; the Declaration of Paula M. Ketcham ("Ketcham Decl."), dkt. 102-2, and Exhibits 1-8, dkts. 102-3 – 102-10; and the Declaration of Joley Day-Mayfield ("Day-Mayfield Decl."), dkt. 102-11, and Exhibits 1-5, dkts. 102-12 – 102-16.

On September 5, 2024, Plaintiffs filed a Motion to Consolidate the instant action with Abraham, et al. v. United Services Automobile Association, et al., No. EDCV 24-1182-KK-SPx (C.D. Cal.), Stott v. United Services Automobile Association, et al., No. CV 24-7395-KK-SPx (C.D. Cal.), "as well as any future related actions that may be filed in this District under the docket of the first-filed" instant action.  Dkt. 106.

On October 10, 2024, Plaintiffs filed an Opposition to Defendants' Motion for Summary Judgment.  Dkt. 115.  In support of the Opposition, Plaintiffs filed a Statement of Genuine Disputes of Material Fact ("PDMF"), dkt. 116; the Declaration of Kevin J. Dolley ("Dolley Decl.") and Exhibits A-I, dkts. 115-2 – 115-4; and the Declaration of Darryl Warner ("Warner Decl."), dkt. 115-5.

On December 30, 2024, the Court denied Plaintiffs' Motion to Consolidate finding among other reasons, Plaintiffs have failed to act diligently in the instant matter.  Dkt. 123.  The Court noted the action has been pending for almost two years, and yet, Plaintiffs have not filed a motion for class certification, which is long past due.[1]  Id.

///

---

[1] Pursuant to the Court's Civil Standing Order, Plaintiffs "shall file a motion for class certification no later than 100 days from the date of the scheduling conference."

B.   **FACTUAL BACKGROUND**

On August 20, 2018, plaintiff Warner was injured in a car accident while driving a car covered by an auto insurance policy, issued by defendant USAA-CIC to plaintiff Warner's then-spouse.  DSUF ¶ 1.  On February 20, 2019, plaintiff Horlieca was injured in a car accident while driving a car covered by an auto insurance policy, issued by defendant USAA-CIC to plaintiff Horlieca's partner's mother.  DSUF ¶ 2.  Neither plaintiff Warner nor plaintiff Horlieca were the policyholders.  DSUF ¶¶ 1, 2.

With respect to the alleged improper adjusting practices, neither Plaintiffs had any bills that were denied based on a PR codes or adjusted using an RF code.  DSUF ¶¶ 7, 8.  With respect to the PPO codes, plaintiff Horlieca did not have any MedPay claims that were reimbursed at a PPO rate.  DSUF ¶ 12.  Plaintiff Warner, however, claims Defendants improperly used PPO codes on an emergency room visit from the car accident.  Plaintiff Warner was billed $295 and reimbursed at the PPO rate of $262.55, resulting in a $32.45 balance.  Day-Mayfield Decl., ¶ 25.  With respect to the GR and DOC codes, plaintiff Warner paid $2,815 for chiropractic care that was not reimbursed despite plaintiff Warner claiming documentation was provided to support this claim.  Warner Decl., ¶¶ 4-8.  Plaintiff Horlieca asserts he was billed $40,777.19 for treatment received at Riverside Regional Pain Center and Arrowhead Orthopedics.  Dkt. 115 at 20.

## III.
## DISCUSSION

A.   **APPLICABLE LAW**

Federal courts are courts of "limited jurisdiction" which "possess only that power authorized by Constitution and statute[.]"  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Thus, a federal court has "an independent obligation to determine whether subject-matter jurisdiction exists," and may raise the issue "on its own initiative, at any stage in the litigation[.]"  Arbaugh v. Y&H Corp., 546 U.S. 500, 506, 514 (2006).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  The party invoking jurisdiction has the burden of establishing jurisdiction.  Kokkonen, 511 U.S. at 377.

Under 28 U.S.C. § 1332(a), a federal district court has original jurisdiction over a civil action where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  With respect to the parties' citizenship, an individual is deemed to be a citizen of the state where they are domiciled, see Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983), and a corporation is deemed to be a citizen of the state where it is incorporated and the state where it has its principal place of business, 28 U.S.C. § 1332(c)(1).  With respect to the amount in controversy, "the sum claimed by the plaintiff [in the complaint] controls if the claim is apparently made in good faith."  Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015) (internal quotation marks omitted).  However, a "facially implausible figure does not satisfy the amount in controversy requirement."  Parker v. U.S. Bank Tr., N.A., No. CV 20-9697-ODW-RAOx, 2020 WL 7479633, at *2 (C.D. Cal. Dec. 18, 2020).  When there are multiple plaintiffs "who assert separate and distinct claims[,]" they "are precluded from aggregating them to satisfy the amount in controversy requirement."  Urbino v. Orkin Servs. of California, Inc., 726 F.3d 1118, 1122 (9th Cir. 2013).  Rather, each plaintiff must meet the amount in controversy requirement.  Id.

B.  ANALYSIS

Here, in light of the procedural history and evidence presented with respect to Defendants' Motion for Summary Judgment, the Court cannot conclude it has subject matter jurisdiction over the instant matter.

First, based on the Court's Order denying Plaintiffs' Motion to Consolidate and the fact that Plaintiffs' deadline to file a motion for class certification has long passed, this Court does not have subject matter jurisdiction under the Class Action Fairness Act.  Dkt. 123.  Second, it does not appear that the Court has diversity jurisdiction[2] because there is neither complete diversity of citizenship between the parties and the amount in controversy does not exceed $75,000.

With respect to diversity of citizenship, it appears Plaintiffs and defendant USAA may both be citizens of California.  As alleged in the FAC, defendant USAA "was, and still is, a reciprocal interinsurance exchange licensed to do business in the State of California[,]" which "has sold and/or underwritten thousands of automobile insurance policies to California residents[.]"  FAC ¶ 12.  "USAA is considered an unincorporated association for purposes of determining diversity jurisdiction."  Young v. United Servs. Auto. Ass'n, No. CV 20-84-GF-JTJ, 2021 WL 120968, at *2 (D. Mont. Jan. 13, 2021) (citing United Services Automobile Association v. Cataldo, 2015 WL 12859426, *2 (M.D. Fla. Sept. 16, 2015)).  "[A]n unincorporated association . . . has the citizenships of all of its members."  Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).  Defendant USAA is, therefore, a citizen of the states where it has member-subscribers, including California.  Cady v. Am. Fam. Ins. Co., 771 F. Supp. 2d 1129, 1131 (D. Ariz. 2011) (holding that "[b]ecause USAA is an unincorporated association with members in all fifty states, it is considered a citizen of all fifty states – including Arizona").

With respect to the amount in controversy, it appears the damages alleged do not exceed $75,000 for each Plaintiff.  Urbino, 726 F.3d at 1122.  Based on the evidence presented in support of and in opposition to Defendants' Motion for Summary Judgment, it appears plaintiff Warner's total damages based on an emergency room visit and chiropractic care was less than $3,000.  See Day-Mayfield Decl., ¶ 25 (Plaintiff Warner was billed $295 for an emergency room visit and reimbursed at the PPO rate of $262.55, resulting in a $32.45 balance); Warner Decl., ¶¶ 4-8 (Plaintiff Warner paid $2,815 for chiropractic care from the accident).  Additionally, it appears plaintiff Horlieca's total damages, based on care from Riverside Regional Pain Center and Arrowhead Orthopedics, was $40,777.19.  Dkt. 115 at 20.

## IV.
## CONCLUSION

Accordingly, the parties are **ORDERED TO SHOW CAUSE**, in writing, no later than 14 days from the date of this Order, why this action should not be dismissed without prejudice for lack

---

[2] The FAC does not allege any federal claims.  Dkt. 73.  With respect to the claim for declaratory relief, the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, does not provide the district courts with an independent basis for federal question jurisdiction.  Nationwide Mut. Ins. Co. v. Liberatore, 408 F.3d 1158, 1161-62 (9th Cir. 2005).

of subject matter jurisdiction.  To the extent possible, the parties shall submit evidence and/or judicially noticeable facts in response to the Court's Order.

    **IT IS SO ORDERED.**